Submitted on record and briefs September 16,
reversed and remanded October 28, 1975

IN THE MATTER OF DANIEL LEROY DECOSTER, A CHILD
STATE EX REL JUVENILE DEPARTMENT OF
COOS COUNTY, *Respondent, v.* DECOSTER
(No. 7652), *Appellant.*

541 P2d 1060

Julie A. Stevens, Coos-Curry Counties Legal Aid, Inc., North Bend, filed the brief for appellant.

Robert E. Brasch, District Attorney, Coquille, filed the brief for respondent. With him on the brief was Hugh C. Downer, Jr., Assistant District Attorney, Coquille.

Before SCHWAB, Chief Judge, and LANGTRY and LEE, Judges.

SCHWAB, C. J.

The 17-year-old appellant received a hearing in juvenile court pursuant to a petition filed by a police officer under ORS 419.476(1)(a).[1] The criminal act which the petition recited was attempted burglary.

At the conclusion of the hearing the judge stated:
"* * * * *

"What was happening? There's no doubt in my mind whatsoever that he entered on these premises with criminal intent. I don't know what he was intending to do. He did break a window. I find that he broke a window. I don't see any point at his age in decorating his record, although he did it. This was first degree burglary and it's the kind where people get killed, but I could have jurisdiction of this by going to the lesser included and necessarily included offense of criminal tres-

---

[1] "The juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and:

"Who has committed an act which is a violation, or which if done by an adult would constitute a violation, of a law or ordinance of the United States or a state, county or city * * *." ORS 419.476(1)(a).

pass and malicious destruction of property. I believe that both of these would be misdemeanors—"

The judge thereafter ordered:

"1. That the allegations of the petition are true in regard to the lesser included matters of criminal mischief in the Second Degree and Criminal Trespass in the Second Degree.

"* * * * *

"The above named child is within the jurisdiction of this Court, and is hereby made a ward thereof.

"1. Legal custody and guardianship of said child's person is hereby committed to Children's Services Division for care, placement and supervision.

"2. Said commitment not to exceed 1 year (with credit for time served in detention) or said child's eighteenth birthday, whichever comes first."

Appellant argues on appeal that criminal mischief in the second degree[2] is not a lesser included offense of attempted burglary. The district attorney agrees with the appellant and concedes that the portion of

---

[2] ORS 164.345 and 164.354 define criminal mischief in the second degree as follows:

"A person commits the crime of criminal mischief in the third degree if, with intent to cause substantial inconvenience to the owner or to another person, and having no right to do so nor reasonable ground to believe that he has such right, he tampers or interferes with property of another." ORS 164.345(1).

"(1) A person commits the crime of criminal mischief in the second degree if:

"(a) He violates ORS 164.345, and as a result thereof, damages property in an amount exceeding $100; or

"(b) Having no right to do so nor reasonable ground to believe that he has such right, he intentionally damages property of another, or, he recklessly damages property of another in an amount exceeding $100.

"* * * * *." ORS 164.354.

the court's order holding that the allegation of the petition was true "* * * *in regard* to the lesser included matters of criminal mischief in the Second Degree * * *" cannot stand.

■■ The district attorney asks that rather than remanding for the entry of an appropriate order we reverse and remand for a new hearing so that the court may, if it sees fit, find that appellant did commit burglary. This we cannot do. The trial court sitting as a finder of fact in effect acquitted the juvenile of burglary. The constitutional prohibitions against subjecting defendants in criminal proceedings to double jeopardy apply to juvenile proceedings such as the one before us here. *Breed v. Jones,* 421 US 519, 95 S Ct 1779, 44 L Ed 2d 346 (1975); *State ex rel Juv. Dept. v. Knox,* 20 Or App 455, 532 P2d 245 (1975).

Reversed and remanded for the entry of an order consistent with this opinion.